ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VII

| | | |
|---|---|---|
| ECHEANDÍA INVESTMENT, INC., COLLEAGUES INVESTMENT LLC., HÉCTOR RUIZ VÉLEZ Y FERNANDO ECHEANDÍA FUSTER<br><br>Apelante<br><br>v.<br><br>AG PROPERTIES, LLC., UNIVERSAL PROPERTIES REALTY GOVERNMENT SERVICES, LLC., TERESA RAMOS H/N/C TERESA'S REALTY, ABRAHAM FREYRE, ANDRÉS REYES, ADRIÁN GONZÁLEZ, ASEGURADORA XYZ, Y JUAN DEL PUEBLO<br><br>Apelado | KLAN202500405 | Apelación procedente del Tribunal de Primera Instancia, Sala de Guayama<br><br>Caso Núm.: GM2023CV01005<br><br>Sobre: Incumplimiento de Contrato; Cobro de Dinero; Daños; Daños y Perjuicios; Nulidad de Contrato |

Panel integrado por su presidenta, la Juez Domínguez Irizarry, el Juez Ronda Del Toro y el Juez Pérez Ocasio

**Ronda Del Toro, Juez Ponente**

## SENTENCIA

En San Juan, Puerto Rico, a 30 de junio de 2025.

Este recurso de apelación fue presentado el 7 de mayo de 2025, por la parte apelante. En esta se solicitó la revisión de una Sentencia Parcial dictada el 17 de marzo de 2025 y notificada el 19 de marzo de 2025, por el Tribunal de Primera Instancia, Sala Superior de Guayama (en adelante TPI). Contra la misma se presentó Solicitud de Reconsideración de Sentencia Parcial el 3 de abril de 2025, la cual fue declarada No Ha Lugar el 7 de abril de 2025, notificada en esa misma fecha y luego se presentó este recurso.

En la misma se desestimó el reclamo contra el codemandado Abraham Freyre Medina, en su carácter personal y mantiene el restante del caso.

Las partes han comparecido conforme ordenado y el caso está listo para ser resuelto.

**I.**

La Demanda en este caso se presentó el pasado 12 de diciembre de 2023. En esta se reclamó el incumplimiento por parte de los demandados con los acuerdos de venta de nueve (9) propiedades inmuebles, alegadamente clasificadas estorbos públicos, en el Municipio de Guayama.

El aspecto que aquí atendemos se circunscribe a las alegaciones contra el codemandado Abraham Freyre Medina, en su carácter personal. Al codemandado Freyre Medina se le diligenció su emplazamiento el 10 de enero de 2024. El 8 de marzo de 2024, este presentó su contestación a la demanda. En esa contestación, este no ofreció contestaciones a las alegaciones 42 a la 66 y aceptó responsabilidad en la alegación 30.

El 7 de enero de 2025, diez (10) meses luego de contestada la demanda, el codemandado Freyre Medina presentó Moción de Desestimación Parcial, al amparo de la Regla 10.2 (5) de las de Procedimiento Civil vigentes. Los demandantes, aquí apelantes, se opusieron a la desestimación, y el TPI dictó la Sentencia Parcial contra la que aquí se recurre.

En la Sentencia Parcial dictada por el TPI, se desestimó la Demanda contra el codemandado Abraham Freyre Medina. Contra esa desestimación se trae el recurso que aquí atendemos y que hace los siguientes señalamientos de error:

PRIMER ERROR:     ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL DESESTIMAR LA DEMANDA CONTRA EL CODEMANDADO, FREYRE MEDINA, EN

CONTRA DEL ESTÁNDAR DE LA REGLA 10.2 DE PROCEDIMIENTO CIVIL.

SEGUNDO ERROR: ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA Y ABUSÓ DE SU DISCRECIÓN AL DECRETAR LA DESESTIMACIÓN DE LA DEMANDA CONTRA FREYRE MEDINA SIN PERMITIR COMPLETAR EL DESCUBRIMIENTO DE PRUEBA Y SIN CONCEDER A LA PARTE DEMANDANTE-APELANTE, LA OPORTUNIDAD DE ENMENDAR LA DEMANDA Y SIN SU DÍA EN CORTE.

TERCER ERROR: ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL DECRETAR LA DESESTIMACIÓN DE LA CAUSA ACCIÓN EN CONTRA DE FREYRE MEDINA PRIVÁNDOLE DE DESCORRER EL VELO CORPORATIVO ALEGADO EN LOS PÁRRAFOS 60 Y 61 DE LA DEMANDA.

Veamos el derecho aplicable.

## II.

## A.

La redacción de una demanda no requiere el cumplimiento de requisitos complicados. La Regla 6.1 de Procedimiento Civil, 32 LPRA Ap. V solo exige que exponga una relación sucinta y sencilla de hechos que demuestren que la peticionaria tiene derecho a un remedio y la solicitud del remedio que se crea tener derecho. El Tribunal Supremo de Puerto Rico ha dicho que basta con que incluya una información inicial escueta de los hechos, que podrá ampliarse como resultado de los procedimientos posteriores al descubrimiento de prueba. Las alegaciones de la demanda no tienen que exponer detalladamente todos los hechos que dan base a la reclamación. Los demandados únicamente tienen que ser razonablemente prevenidos de lo que los demandantes intentan reclamar. El objetivo de las alegaciones es meramente informar a la parte contraria, de manera general de las reclamaciones en su contra, para que comparezcan a defenderse si lo desean. La Regla 6.5 de Procedimiento Civil, 32 LPRA Ap. V, establece que las aseveraciones de las alegaciones tienen que ser sencillas, concisas

y directas. Su redacción no exige formulas técnicas. No obstante, la demanda deberá incluir un mínimo de detalle que informe los actos lesivos alegados que causaron el perjuicio también alegado. Las alegaciones deben contener un grado suficiente de información sobre las imputaciones, que permita a la demandada entender la sustancia de lo que se debe defender. La demanda no tiene que especificar la disposición legal al amparo de la que se reclama, porque es suficiente que de los hechos alegados surja una causa de acción bajo cualquier ley. Rivera, Lozada v. Universal, 2024 TSPR 99, 214 DPR __ (2024); Luis Torres v. Rivera Lebrón, 204 DPR 20, 40-41 (2020); Dorante v. Wrangler de PR, 145 DPR 408, 414 (1998).

**B.**

La Regla 10.2 de Procedimiento Civil permite que un demandado en una demanda, reconvención, demanda contra coparte, o demanda contra tercero, solicite al tribunal la desestimación de las alegaciones en su contra. Rodríguez Vázquez et als. v. Hospital Auxilio Mutuo, 2025 TSPR 55, 215 DPR __ (2025). A tales efectos, la referida regla lee como sigue:

> Toda defensa de hechos o de derecho contra una reclamación se expondrá en la alegación responsiva excepto que, a opción de la parte que alega, las siguientes defensas pueden hacerse mediante una moción debidamente fundamentada: (1) falta de jurisdicción sobre la materia; (2) falta de jurisdicción sobre la persona; (3) insuficiencia del emplazamiento; (4) insuficiencia del diligenciamiento del emplazamiento; (5) **dejar de exponer una reclamación que justifique la concesión de un remedio**; (6) dejar de acumular una parte indispensable.
>
> Rivera, Lozada v. Universal, *supra*.

32 LPRA Ap. V, R. 10.2. (Énfasis nuestro).

A los fines de disponer de una moción de desestimación por el fundamento de que la demanda no expone una reclamación que justifique la concesión de un remedio, los tribunales vienen

obligados a tomar como ciertos todos los hechos bien alegados en la demanda y considerarlos de la manera más favorable a la parte demandante. Inmob. Baleares et al. v. Colón Peña et al., 2024 TSPR 112, 214 DPR __ (2024); Rivera Sanfeliz et al. v. Jta. Dir. FirstBank, 193 DPR 38, 49 (2015); Colón Rivera et al. v. ELA, 189 DPR 1033, 1049 (2013). La demanda no deberá ser desestimada a menos que se desprenda con toda certeza que el demandante no tiene derecho a remedio alguno bajo cualquier estado de hechos que puedan ser probados en apoyo de su reclamación. Díaz Vázquez et al. v. Colón Peña et al., 2024 TSPR 113, 214 DPR __ (2024); Consejo de Titulares v. Gómez Estremera et al., 184 DPR 407, 423 (2012); Pressure Vessels P.R. v. Empire Gas P.R., 137 DPR 497, 505 (1994).

Por otro lado, nuestro sistema jurídico tiene como política pública que los casos de ventilen en sus méritos. Mitsubishi Motor v. Lunor y otros, 212 DPR 807, 834 (2023); VS PR, LLC v. Drift-Wind, Inc., 207 DPR 253, 264 (2021); Mercado Figueroa v. Mun. San Juan, 192 DPR 279, 287-288 (2015). A esos efectos, la desestimación de una demanda ha sido caracterizada como "la sanción máxima, la pena de muerte procesal, contra una parte". VS PR, LLC v. Drift-Wind, Inc., *supra*, pág. 264, *citando a* R. *Hernández Colón*, *Práctica jurídica de Puerto Rico: Derecho Procesal Civil,* 6ª ed. rev., San Juan, Ed. LexisNexis, 2017, pág. 250. Si bien los tribunales ostentan la facultad de desestimar casos con perjuicio en ciertas circunstancias, la misma debe ejercerse de forma juiciosa y apropiada. VS PR, LLC v. Drift-Wind, Inc., supra, pág. 264; Maldonado v. Srio. de Rec. Naturales, 113 DPR 494, 498 (1982).

El propósito principal de ejercer dicha facultad con prudencia es que "la desestimación priva al demandante de su día

en corte para hacer valer las reclamaciones que válidamente tenga en contra de otros". VS PR, LLC v. Drift-Wind, Inc., supra, pág. 264; Mun. de Arecibo v. Almac. Yamika, 154 DPR 217, 224-225 (2001).

Entonces, para que proceda una moción de desestimación, la parte demandada tiene que demostrar de forma certera que el demandante no tiene derecho a remedio alguno bajo cualquier estado de derecho que se pueda probar en apoyo a su reclamación, aun interpretando la demanda lo más liberalmente a su favor. Díaz Vázquez et al. v. Colón Peña et al., supra; Rivera, Lozada v. Universal, supra; López García v. López García, 200 DPR 50, 69 (2018). No obstante, no procede la desestimación si la demanda es susceptible de ser enmendada. Accurate Sols. v. Heritage Environmental, 193 DPR 423, 433 (2015); Aut. de Tierras v. Moreno & Ruiz Dev. Corp., 174 DPR 409, 428 (2008). Solo en casos extremos, se debe privar a un demandante de su día en corte. Íd.

Por lo tanto, es necesario considerar si, a la luz de la situación más favorable al demandante, y resolviendo toda duda a favor de este, la demanda es suficiente para constituir una reclamación válida. Pressure Vessels P.R. v. Empire Gas P.R., supra, pág. 505.

En síntesis, la jurisprudencia vigente ha establecido que, para que prospere una solicitud de esta naturaleza, debe evaluarse si, desde la óptica más favorable al demandante y resolviendo toda duda a su favor, la demanda expone hechos bien alegados que, al analizarse en su totalidad, resulten suficientes para configurar una causa de acción válida bajo cualquier estado de derecho que pueda ser probado. BPPR v. Cable Media, 2025 TSPR 1, 215 DPR ___ (2025). A causa de lo anterior, no procede

desestimar una demanda salvo que la razón para solicitar el remedio no proceda bajo supuesto de derecho alguno, ni pueda enmendarse para subsanar cualquier posible deficiencia. Díaz Vázquez et al. v. Colón Peña et al., *supra*.

## C.

Por otra parte, la *Ley General de Corporaciones* del 16 de diciembre de 2009 (Ley Núm. 164-2009), según enmendada, 14 LPRA secs. 3501 *et seq*., rige los asuntos relativos a la "existencia y vida jurídica de las corporaciones privadas". BPPR v. Cable Media, *supra*; Eagle Security Police, Inc. v. Dorado, 211 DPR 70, 85 (2023); Dorado del Mar v. Weber et als., 203 DPR 31, 45 (2019). Precisamente, las corporaciones se caracterizan por poseer una personalidad jurídica distinta y separada de sus inversionistas. Eagle Security Police, Inc. v. Dorado, *supra*, pág. 86 (*citando a* C. Díaz Olivo, *Corporaciones: Tratado sobre Derecho Corporativo*, 2da ed. rev., Editorial AlmaForte, Ed., 2018, pág. 120); véase, además, Miramar Marine v. Citi Walk, 198 DPR 684, 691 (2017); Librotex, inc. v. A.A.A., 138 DPR 938, 947 (1995).

Como norma general, los accionistas o miembros no responden personalmente por las deudas de una corporación, excepto por actos propios. Ley Núm. 164-2009, *supra*, sec. 3502; véase, además, Santiago et al. v. Rodríguez et al., 181 DPR 204, 223 (2011) (*citando a* Díaz Olivo, *op. cit.*, pág. 119). Tal responsabilidad se circunscribe a la que estos hayan hecho al patrimonio de la corporación. D.A.Co. v. Alturas Fl. Dev. Corp. y otro, 132 DPR 905, 921 (1993).

Ahora bien, nuestro más alto foro ha expresado que los tribunales podrán descartar la personalidad jurídica de la corporación cuando estás sean un *alter ego* o conducto económico pasivo. D.A.Co. v. Alturas Fl. Dev. Corp. y otro, *supra*, pág. 925.

Un *alter ego* es cuando una corporación es un conducto o *business conduit* "de sus únicos accionistas, recibiendo éstos exclusiva y personalmente los beneficios producidos por la gestión corporativa". Íd., pág. 925 (citando a <u>Cruz v. Ramírez</u>, 75 DPR 947, 754 (1954)). En ese caso, "entonces los accionistas serían individualmente responsables si ello es necesario para evitar un fraude o la realización de un propósito ilegal o para evitar una clara inequidad o mal ("wrong")". Íd., pág. 925 (citando a <u>Cruz v. Ramírez</u>, *supra*). Asimismo, la parte promovente de la reclamación del velo corporativo debe demostrar que no existe una separación adecuada entre la corporación y el accionista, y los hechos son tales que reconocer la personalidad jurídica sería igual a "sancionar un fraude, promover una injusticia, evadir una obligación estatutaria, derrotar la política pública, justificar la inequidad, proteger el fraude o defender el crimen". Íd., pág. 927 (citando <u>Díaz Aponte v. Comunidad</u>, 130 DPR 782, 798 (1992)). Asimismo, la norma de descorrer el velo corporativo se rige por los siguientes principios fundamentales:

1. **La aplicación de la doctrina depende de los hechos específicos de cada caso**;

2. **El ignorar la entidad corporativa constituye la excepción a la regla**;

3. **La corporación posee una personalidad jurídica separada y distinta de sus accionistas** y la regla general es al efecto de que la existencia de la corporación, independientemente de sus accionistas no puede ser ignorada o descartada;

4. **El fracaso de la corporación en su gestión económica, su administración deficiente, y la falla en observar las formalidades corporativas no son por sí mismos razón suficiente para desconocer la entidad**;

5. **El mero hecho de que una persona sea el único accionista de una corporación no conlleva de por sí la imposición de responsabilidad individual**;

6. **El peso de la prueba recae sobre la parte que busca descorrer el velo** y propone la imposición de responsabilidad individual a los accionistas;

7. **El peso de la prueba no se descarga con la mera alegación** de que la empresa es un *alter ego* de los accionistas;

8. La prueba del que solicita el desconocimiento debe ser **prueba fuerte y robusta**.

9. **Corresponde a la parte que propone el levantamiento del velo presentar prueba que demuestre que:**

   **(i)    existe tal identidad de interés y propiedad, que la corporación y la persona de sus accionistas se hallen confundidas; y**
   **(ii)   que los hechos sean de tal naturaleza que el sostener la ficción de la corporación derrota la política pública por equivaler a sancionar la utilización de la corporación para perpetuar un fraude o promover una injusticia o ilegalidad.**

Díaz Olivo, op. cit*.*, págs. 119-120 (Énfasis suplido); véase, además, <u>Santiago et al. v. Rodríguez et al.</u>, *supra*, pág. 223; <u>South Porto Rico Sugar Corp. v. Junta Azucarera</u>, 88 DPR 43, 57 (1963); <u>Sucn. De Salvador Pérez y Pérez et al. v. Tomás E. Gual y La Borinquen Furniture Co., Inc</u>., 76 DPR 959, 964 (1954).

Además de lo anterior, si el demandante se limita a realizar alegaciones generales sobre que la corporación es un *alter ego* o que sus accionistas utilizar a la entidad para cometer fraude o ilegalidad, nada habrán alegado que sustente una reclamación de descorrer el velo corporativo. Si en efecto es así, se ha dejado de exponer en la demanda una reclamación que justifique la concesión de un remedio contra los accionistas y procede su desestimación. C. Díaz Olivo, *Mitos y Leyendas Acerca de la Doctrina de Descorrer el Velo Corporativo*, 73 Rev. Jur. U.P.R. 311, 387 (2004). Lo anterior es cónsono con la Regla 7.2 de Procedimiento Civil, *supra*, la cual expresa, "[e]n todas las aseveraciones de fraude o error, las circunstancias que constituyen el fraude o error deberán exponerse detalladamente".

**III.**

Estamos ante una apelación contra la forma en que el TPI, en un reclamo sobre la desestimación por ciertas alegaciones en la Demanda, determinó que contra un codemandado no permitían interpretarlas de la forma liberal a favor del demandante que establece la doctrina bajo la Regla 10.2 de las de Procedimiento Civil vigentes. No tiene razón el TPI.

Como antes indicamos, bajo el estándar para disponer de una moción de desestimación por el fundamento de que la demanda no expone una reclamación que justifique la concesión de un remedio, los tribunales vienen obligados a tomar como ciertos todos los hechos bien alegados en la demanda y considerarlos de la manera más favorable a la parte demandante. Con esa doctrina vigente estamos de acuerdo con la parte apelante de que el primer error reclamado en el recurso se cometió.

La expresión del TPI de que la admisión de actuaciones de parte del Lcdo. Abraham Freyre Medina se deben interpretar solamente en su carácter de accionista y representante de Universal Properties y que para propósitos de esta moción no tenían impacto en el reclamo que, contra dicho codemandado, en su carácter personal, que se presentó como parte de la demanda, no siguen la doctrina de interpretación de este tipo de reclamo. Para que proceda una moción de desestimación, como la que aquí se presentó, la parte demandada tiene que demostrar de forma certera que el demandante no tiene derecho a remedio alguno bajo cualquier estado de derecho que se pueda probar en apoyo a su reclamación, aun interpretando la demanda lo más liberalmente a favor del demandante. La correcta aplicación de

esa doctrina no permite la desestimación que concedió el TPI y que aquí atendemos.

De las alegaciones contra el codemandado Abraham Freyre Medina había que asumir lo siguiente:

[…]

7. El codemandado Abraham Freyre Medina es el Agente Residente y Presidente de la codemandada Universal Properties Realty Government Services, LLC y se ha representado como accionista de la misma.

[…]

18. La parte demandante suscribió nueve (9) contratos de compraventa ("Contratos") con los demandados para la adquisición de ciertas propiedades inmuebles localizadas en el Municipio de Guayama. El precio de venta de siete (7) de las propiedades inmuebles era la cantidad de cincuenta mil dólares ($50,000.00) cada una para un total de trescientos cincuenta mil dólares ($350,000.00). Una de las propiedades inmuebles, el precio de venta pactado fue por la cantidad de sesenta y tres mil ($63,000.00) dólares y otra, por la cantidad de sesenta mil dólares ($60,000.00) para un total de cuatrocientos setenta y tres mil ($473,000.00) dólares.

[…]

24. Las representaciones sobre la compraventa de las propiedades como estorbos públicos fueron realizadas por la codemandada Universal Properties, a través del Lcdo. Abraham Freyre Medina, accionista y representante de Universal Properties.

[…]

26. Según se desprende de fuentes fehacientes publicadas por el Gobierno de Puerto Rico y el mismo Municipio de Guayama,

ninguna de las nueve (9) propiedades aparecen declarados estorbos públicos y tampoco aparecen en proceso de declaración de estorbos públicos, ni se conoce de los traspasos del dominio del Municipio de Guayama.

[…]

30. Ante su incumplimiento, las partes demandadas, por vía de su representante, el licenciado Freyre Medina, hicieron continuas representaciones que se estaría devolviendo el dinero a los demandantes, a más tardar el 31 de agosto de 2023. Esto no ocurrió. Véase Anejo II de la Demanda.

[…]

58. En la alternativa, se alega que los contratos son nulos ab initio y que los mismos nunca surtieron efecto, restando así la devolución del pago hecho por los demandantes a los demandados.

59. Los codemandados actuaron en común acuerdo con la intención de defraudar a los demandantes ya que conocían, o debían conocer, que las propiedades objeto de las transacciones no podían traspasarse a los demandantes, y por tal, timaron a los demandantes para extraerle dinero ilícitamente.

Con esas alegaciones de la demanda, antes citadas, que se les debe brindar el tratamiento de corrección que requiere el planteamiento que aquí analizamos, no procedía el desestimar el reclamo en su carácter personal, contra el Lcdo. Freyre Medina.

Cada alegación de la demanda que se hace contra todos los codemandados se tiene que incluir en su análisis al Lcdo. Freyre Medina en su carácter personal, pues es uno de los codemandados y no procede desestimar el reclamo contra este en su carácter

personal, al amparo de la Regla 10.2 de las de Procedimiento Civil vigentes.

Con aceptar que se cometió el primer error señalado, no hace falta discutir los demás errores enumerados. En el aspecto de descorrer el velo corporativo, aunque la prueba requerida para prevalecer en ese tipo de reclamación sea una rigurosa, no aplica ello a las alegaciones necesarias para que ese tipo de reclamo sea adecuado en una demanda. El detalle de la prueba a desfilarse contra cada demandado no tiene que ser alegado en la demanda que se presente.

Además, como reclama la Apelante, si se requería más especificidad en las alegaciones, se podía ordenar que se realizara una enmienda a las alegaciones, además de permitir el descubrimiento de prueba que ya habían solicitado las partes demandantes, aquí apelantes y aún no se ha completado.

Ante ello, nos vemos precisados a revocar la Sentencia Parcial contra la que se presentó esta apelación.

### IV.

Por los fundamentos antes expuestos, revocamos la Sentencia Parcial recurrida y se deja sin efecto la misma. Se devuelve el presente caso ante el Tribunal de Primera Instancia, Sala Superior de Guayama, para que continúen los procedimientos.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones